```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        COLUMBUS DIVISION

ONICA LESLIE, et al.,              *

     Plaintiffs,                   *

vs.                                *
                                          CASE NO. 4:25-CV-174 (CDL)
CHAD MARKLING, LKQ SOUTHEAST       *
INC. and INTERSTATE
NATIONALEASE INC.,                 *

     Defendants.                   *
```

O R D E R

Plaintiffs allege that they were injured in a truck wreck caused by Defendant Chad Markling. Plaintiffs also allege that Defendants LKQ Southeast Inc. and Interstate Nationalease Inc. owned and operated the truck Markling was driving at the time of the wreck, that both corporate defendants employed Markling, and that both corporate defendants negligently hired Markling, negligently entrusted him with the truck, and failed to supervise Markling properly. Plaintiffs, who are Georgia citizens, filed this action in the State Court of Muscogee County. Defendant Interstate Nationalease is a Georgia corporation, so complete diversity does not exist on the face of the complaint. Defendants, though, contend that Plaintiffs fraudulently misjoined Interstate Nationalease to defeat federal diversity jurisdiction. Defendants filed a motion to dismiss Plaintiffs' claims against Interstate

Nationalease. Plaintiffs, on the other hand, filed a motion to remand this action to the State Court of Muscogee County because complete diversity of citizenship does not exist. For the reasons set forth below, the Court denies Defendants' present motion to dismiss (ECF No. 2), defers ruling on Plaintiffs' motion to remand (ECF No. 10), and orders the parties to submit a proposed scheduling order on the issue of jurisdictional discovery.

## DISCUSSION

A state court action may be removed to federal court if diversity jurisdiction exists. 28 U.S.C. § 1441(a). "When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). But if "a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court" based on fraudulent joinder. *Id.* To establish fraudulent joinder, a defendant must demonstrate by clear and convincing evidence "either that: '(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state

2

court.'" *Id.* (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). Here, Defendants contend that there is no possibility that Plaintiffs can establish a cause of action against Interstate Nationalease because, despite Plaintiffs' allegations, Defendants did not actually hire Markling, employ Markling, or entrust the truck to him.

To determine whether a resident defendant has been fraudulently joined, the Courts consider "the plaintiff's pleadings at the time of removal, *supplemented by any affidavits and deposition transcripts submitted by the parties.*" *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) (quoting *Pacheco de Perez v. AT&T Co.,* 139 F.3d 1368, 1380 (11th Cir. 1998)). The proceeding to resolve "a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment." *Id.* at 1322-23 (quoting *Crowe*, 113 F.3d at 1538). In such a proceeding, all fact disputes must be resolved in favor of the plaintiff. *Id.*

Here, in support of their motion to dismiss, Defendants rely on matters outside the pleadings, including affidavits, and they styled the motion as a motion to dismiss or alternatively for summary judgment. Plaintiffs assert that they cannot adequately respond to Defendants' motion or affidavits without some opportunity to engage in jurisdictional discovery. Although the parties appear to have exchanged some written discovery while the action was pending in the state court, discovery was still ongoing

3

when the action was removed and the parties had not yet taken depositions. Plaintiffs contend that they cannot present facts essential to justify their opposition to Defendants' motion to dismiss without some additional discovery. The Court finds that before the Court considers Defendants' fraudulent joinder argument, Plaintiffs should be permitted to engage in limited jurisdictional discovery regarding Interstate Nationalease's connection (or lack thereof) to the truck and to Markling. For these reasons, Defendants' present motion to dismiss (ECF No. 2) is denied, and the Court defers ruling on Plaintiffs' motion to remand (ECF No. 10).

Within fourteen days of today's order, the parties shall submit a joint proposed scheduling order for expedited discovery on the fraudulent joinder issue, particularly Interstate Nationalease's alleged connection to the claims in this action. The proposed scheduling order should include (1) a specific date on which jurisdictional discovery shall close and (2) a specific date for Defendants to file a renewed motion for summary judgment on their fraudulent joinder claim. Given that the parties have already engaged in written discovery and have already held a Rule 26(f) conference as required by this Court, the Court expects that this additional jurisdictional discovery should take no more than sixty days, that any renewed summary judgment motion can be filed within twenty-one days after the close of jurisdictional

4

discovery, and that the briefing on that motion can follow an expedited briefing schedule.

IT IS SO ORDERED, this 4th day of September, 2025.

                                              s/Clay D. Land
                                              CLAY D. LAND
                                              U.S. DISTRICT COURT JUDGE
                                              MIDDLE DISTRICT OF GEORGIA