```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

ONICA LESLIE, *et al.*,          *

    Plaintiffs,             *

vs.                              *

                                       CASE NO. 4:25-CV-174 (CDL)

CHAD MARKLING, LKQ SOUTHEAST    *
INC., and INTERSTATE
NATIONALEASE INC.,               *

    Defendants.             *

## O R D E R

Plaintiffs allege that they were injured in a truck wreck caused by Chad Markling. At the time of the wreck, Markling was driving a truck owned by Interstate Nationalease Inc. ("Interstate"), which Interstate leased to LKQ Southeast Inc. Plaintiffs, who are Georgia citizens, filed this action in the State Court of Muscogee County against Markling, Interstate, and LKQ. Interstate is a Georgia corporation, so complete diversity does not exist on the face of the complaint. Interstate contends that Plaintiffs fraudulently misjoined Interstate to defeat federal diversity jurisdiction, and Defendants removed the action to this Court on that basis. The Court permitted the parties to conduct limited jurisdictional discovery on Interstate's "connection (or lack thereof) to the truck and to Markling." Order 4 (Sep. 4, 2025), ECF No. 15. That discovery is now complete.

Plaintiffs now acknowledge that the facts they obtained during discovery do not support the claims they asserted against Interstate in their operative complaint, which were based on their theory that Interstate was Markling's employer. Plaintiffs still contend that they did not fraudulently misjoin Interstate, and they ask the Court to remand this action to state court. Interstate, on the other hand, maintains that it was fraudulently misjoined, and it filed a "summary judgment" motion on the fraudulent joinder issue.[1]  For the reasons set forth below, the Court grants Interstate's motion (ECF No. 21) to the following extent: the Court finds that Interstate was fraudulently joined, and the Court thus dismisses Plaintiffs' claims against Interstate and denies Plaintiffs' motion to remand (ECF No. 10).

DISCUSSION

A state court action may be removed to federal court if diversity jurisdiction exists. 28 U.S.C. § 1441(a).  "When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).  But if "a plaintiff names

---

[1] Interstate labels its motion as one for "summary judgment."  While the relevant standard applicable to the motion may be similar to summary judgment, the Court finds that the motion actually seeks dismissal of the claims against Interstate for misjoinder.

a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court" based on fraudulent joinder. *Id.* To establish fraudulent joinder, a defendant must demonstrate by clear and convincing evidence "either that: '(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" *Id.* (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). Here, Interstate contends that there is no possibility that Plaintiffs can establish a cause of action against Interstate and that the Court should thus ignore Interstate's presence and deny Plaintiffs' motion to remand.

To determine whether a resident defendant has been fraudulently joined, the courts consider "the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) (quoting *Pacheco de Perez v. AT&T Co.,* 139 F.3d 1368, 1380 (11th Cir. 1998)). The proceeding to resolve "a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment." *Id.* at 1322-23 (quoting *Crowe*, 113 F.3d at 1538). Thus, the Court must resolve all fact questions in Plaintiffs' favor. *Id.* "But there

3

must be some question of fact before the district court can resolve that fact in the plaintiff's favor." *Id.* at 1323. If a plaintiff does not present evidence to create a fact dispute on the evidence the defendant submitted to establish fraudulent joinder, "the court cannot then resolve the facts in the" plaintiff's "favor based solely on" unsupported allegations in the complaint. *Id.*

I.  **Factual Background**

The present record reveals the following facts. Interstate Nationalease Inc. is a truck leasing and rental company whose primary business is renting and leasing vehicles. Interstate owned a 2017 Freightliner Cascadia truck, and it leased that truck to LKQ Southeast, Inc. pursuant to a written rental agreement. Veasey Aff. Attach. 1, Rental Contract (May 25, 2023), ECF No. 21-2 at 7-8. The rental agreement stated that the truck would be driven by an LKQ driver, but it did not identify a specific person as the ultimate driver of the truck. *Id.* Under the rental agreement, Interstate agreed to maintain the truck "in good order and repair and safe operating condition" and to repair or replace the vehicle in the "event of mechanical failure." Rental Contract ¶ 1.A. The agreement also stated that LKQ, the customer, had "examined the vehicle" and acknowledged that the vehicle was "undamaged and in good condition and repair." *Id.* ¶ 3.B. The agreement further stated that LKQ should not cause or permit "repairs or adjustments" to the vehicle without Interstate's "express permission" and that

4

LKQ must notify Interstate "immediately" in "all cases of mechanical malfunction," then follow Interstate's "instructions regarding any and all repair work." *Id.* ¶ 3.C.

In June 2023, Chad Markling was driving the truck when he was in a wreck that injured Plaintiffs. In their original complaint, Plaintiffs asserted claims against Interstate based on their theory that Interstate was Markling's employer. It is now undisputed that Markling was never an employee or contractor of Interstate; Interstate never supervised or managed Markling; Interstate never exercised any control or direction over Markling; Interstate never set policies, standards, or procedures for Markling; Interstate did not lease the truck to Markling; and Interstate never had any agreement with Markling regarding the truck.

**II. Analysis**

Defendants argue that there is no possibility Plaintiffs can establish a cause of action against Interstate because Interstate was undisputedly not Markling's employer and there is no basis for Holding Interstate liable for Markling's acts under a respondeat superior theory. Plaintiffs now acknowledge that there was no employment relationship between Interstate and Markling and that Interstate leased the truck to LKQ, not to Markling directly. Thus, Defendants are correct that there is no possibility that

5

Plaintiffs can establish a cause of action against Interstate based on the employment theory Plaintiffs alleged in their complaint.

Plaintiffs nonetheless speculate that it is possible that additional discovery might reveal evidence to support two potential "new" claims: a claim against Interstate for negligent entrustment and a claim that Interstate did not properly maintain the truck. Plaintiffs further argue that if additional discovery reveals evidence to support such claims, then Plaintiffs can amend their complaint to add them. But Plaintiffs did not explain why they could not discover such evidence (if it exists) during the now-completed discovery of Interstate's connections to the truck and to Markling.

Plaintiffs' first potential "new" cause of action against Interstate is for negligent entrustment of a vehicle. The claim is not new; Plaintiffs asserted this claim against Interstate in their original complaint. To state a negligent entrustment claim against the owner of a vehicle, a plaintiff must show that the owner gave the driver permission to drive its vehicle, with "actual knowledge that the driver [was] incompetent or habitually reckless." *Riley v. Barreras*, 890 S.E.2d 36, 38 (Ga. Ct. App. 2023) (quoting *Dougherty Equip. Co. v. Roper*, 757 S.E.2d 885, 890 (Ga. Ct. App. 2014)). Here, Plaintiffs assert that discovery revealed evidence from which a reasonable factfinder could conclude that Interstate did not adequately vet LKQ or its drivers

6

before it leased the truck to LKQ. But Plaintiffs acknowledge that such evidence is not enough to establish a negligent entrustment claim. *See id.* ("The entrustor is not liable merely because he or she, by the exercise of reasonable care and diligence, could have ascertained the fact of the incompetency of the driver.") (quoting *Western Indus. v. Poole*, 634 S.E.2d 118, 120 (Ga. Ct. App. 2006)). Plaintiffs did not point to any evidence that Markling was incompetent or habitually reckless or that Interstate had actual knowledge of such issues. Plaintiffs also did not explain why they could not discover facts regarding Markling's driving record or Interstate's knowledge of it when they had an opportunity to conduct discovery on Interstate's connections to Markling. For all these reasons, the Court finds that the pleadings at the time of removal, as supplemented by the evidence in the present record, do not demonstrate any possibility that Plaintiffs can establish a negligent entrustment cause of action against Interstate.

Plaintiffs' other potential new cause of action against Interstate is for failure to keep the truck in safe operating condition. During discovery, Plaintiffs learned that there was a rental agreement between Interstate and LKQ, which required Interstate to maintain the truck safe in operating condition and to repair the truck in the event of a mechanical failure. Plaintiffs hypothesize that additional discovery might show that

7

Interstate breached its contractual duties and that there were mechanical defects in the truck that could have contributed to the wreck. But the only evidence Plaintiffs pointed to on this issue is the rental contract, which stated that LKQ acknowledged that the truck was in good repair at the time of rental. Rental Contract ¶ 3.B. Plaintiffs did not point to any evidence to create a fact dispute on this issue, such as evidence from which a reasonable factfinder could conclude that the truck was not in good repair at the time of rental or that it developed a mechanical defect that Interstate knew about before the wreck but failed to repair. And, Plaintiffs did not explain why they could not obtain basic information about the truck's condition during their recent opportunity to conduct discovery on Interstate's connection to Markling and the truck. Accordingly, the Court finds that the pleadings at the time of removal, as supplemented by evidence in the present record, do not demonstrate any possibility that Plaintiffs can establish a cause of action against Interstate for failure to maintain the truck in safe operating condition.

## CONCLUSION

For the reasons set forth above, the Court finds that Defendants sufficiently established that there is no possibility Plaintiffs can establish a cause of action against Interstate. Accordingly, the Court grants Defendants' motion to dismiss Interstate for misjoinder (ECF No. 21) to the following extent:

the Court finds that Interstate was fraudulently joined, and the Court thus dismisses Plaintiffs' claims against Interstate and denies Plaintiffs' motion to remand (ECF No. 10). Within twenty-one days of the date of this order, the remaining parties shall file a proposed scheduling order that complies with the Rules 16/26 order that was issued on June 23, 2025.

    IT IS SO ORDERED, this 12th day of January, 2026.

                                        S/Clay D. Land
                                        CLAY D. LAND
                                        U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA